08-06-15

Dear Clerk

Please find and file this my Offer of Proof and Bill of Exceptions, in the causes of;

1). 412th Dist. Crt./Brazoria Cnty Tx. Trial Court Cause #79003-I, and;

2). 14th Court of Appeals/Houston Tx, Appellate Cause #14-15-0057

FILED IN
14th COURT OF APPEALS
HOUSTON TEXAS

AUG 11 2015

CHRISTOPHER A. PRINE
CLERK

Thanks

MAILED
8/10/15

LOYD LANDON SORROW
Appellant

v.

HARRIS COUNTY, et al
Appellee

IN THE DISTRICT COURT OF
30th BRAZORIA COUNTY, TEXAS
412th JUDICIAL DISTRICT

## OFFER OF PROOF
&
## BILL OF EXCEPTIONS

Comes Now Loyd Landon Sorrow - T.D.C.J. #1134905 by Pro Se Representation, in the above mentioned Causes, and pursuant to Texas Rules of Evidence 107 - (Optional Completeness), and 103(a)(2) - (offer of proof), and Texas Rules of Appellate Procedure 33.2 - (Bill of Exception), also; Texas Rules of Civil Procedure 75a. - (Filing Exhibits; Court Reporter To File with Clerk).

## SUMMARY

"Upon Intake", the appellant informed Harris County Sheriffs Deputy's that he suffered severe mental depression and had previously recieved Mental Health Core by the Harris County Sheriffs - Medical Divisions - Dr. Seal by treatment with anti-psychotic medications (Elavil).

Texas Code of Criminal Procedure Article 16.22 - Examination and transfer of defendant suspected of having mental illness or mental retardation.

(a) Not later than 72 hours after Recieving evidence or a statement that may establish reasonable cause to believe that a defendant comitted to the sheriffs custody has a mental illness or is a person with mental retardation, the sheriff shall notify a magistrate of that fact.

"Target Request" - Texas Rules of Civil Procedure 194.2

Harris County Was directed to produce the actual, and tangible "Notification Form" required to inform the magistrate in accordance to Id. 16.22, in the hearings with the 412th District Court of Brazoria County by Honorable Judge W. Edwin Denman. The omission of this document defeats my whole case, it is the tangible

property of Harris County Sheriffs Dept's, that triggers protected rights of mental health care pre-trial detainees, and patients.

Harris County's "Dr. Seal", treated me for severe depression with 150mgs of "Elavil" and referred me to Mental Health and Mental Retardation Authorities for over one year awaiting trial, however the sheriffs dept. neglected to notify any judicial officers, judges or attorneys that "their ward, suffered a Mental Illness, had been referred to M.H.M.R.A., and was recieving anti-psycotic and various narcotic medications throughout pre-trial detention.

To substantiate these claims of omission of the Targetted document, the County's attorney has supplied me and Trial Court with my Habeos corpus applications #874978 A-D, within these documents, are the only remaining medical records (Harris County destroyed all others around 1 year early), and these records show the appellant was recieving M.H.M.R.A. care throughout his pre-trial detention, and in these writs contained points of error of involuntary intoxication, involuntary plea of guilt, due to over medications, and many other mental health issues.

Please Note that to answer these issues of mental illness and over medications for judicial proceedings, both the Trial Court and the States Attorney claim that no evidence is in the court records to substantiate these claims.

"But For", the 16.22 FORM, being omitted by the Sheriffs Dept's neglect of duty, I would have recieved adequate protections prescribed by law, provided by both Texas and United States Constitutions, as well as Federal and State Legislative laws.

This omitted document is the sole, triggering device, that failed to activate the protection,

2.

gaurd that insures people with a mental disability recieve aftercare upon release.

"BUT FOR THE ABSENCE," of this documents misuse I would not have been allowed to waive constitutional Rights, be placed in a homeless shelter without medical care or medications, be forced to sleep outside in the elements because of NO ROOM, at which I sustained dehydration, sunburns on face and arms, my nose and ears had blisters and pus pockets from over exposure, I started having severe headaches from lack of medications, and more, I was afraid for my life. See I had been extra-dicted from my home in West Virginia, with no support, except my service connected disability.

Harris County needs to provide a "Blank" Id.6.22 Form for the Courts to review.

The Trial Court abused it's descreetion dismissing this case without finishing Discovery, and reviewing this document, because all of the evidence was not on record. see _Texas Rules of Evidence 107._ (optional completeness).

Please Review; _Texas Dept. of Mental Health and Mental Retardation Authorities v. Petty 817 S.W.2d. 707 and 848 SW 2d. 680._

This case define Mental Health Records as being Tangible Property.

Because of this "missing document," and I am from West Virginia, this case was originally filed in Travis County under the _Texas Health and Safty Code § 611.005 (a) and (c) and § 611.006 (a), (1), (7) (8) and (6)_, and this document needs to be produced to this court under § 611.006 (a)(11) by subpoena, or sanction pursuant _Texas Rules of Civil Procedure 215(1, 2, 3 and 4_, because of incomplete discovery and disclosure and interrogatory answers which were evaisive, even after Motions to Compel and Judge Ordees at Hearings, they disobeyed and should not be allowed ANY...

3.

opposing designated claims or defenses. see, _City of San Antonio v. Fulcher_, 749 SW.2d. 217, 220 (Tex App-San Antonio 1988, writ denied) (disobedient party, should not be permitted to offer evidence that contradicts nondisclosure evidence) because evidence will be in my favor. see; _Spohn Hosp. v. Mayor_, 104 SW3d. 878, 881 n.2 (Tex. 2003), and detrimental to the decision of Soverniegn Immunity, and waiver of liability as well as bonofide proof of Subject Matter Jurisdiction, all within the scope of Texas Torts Act found in _Texas Civil Practice & Remedies Code's §101.021(2)_ and §7.001 and in direct violation of the _Texas Penal Codes_ see, §6.01 - Requirement of voluntary omission and §22.04 - Injury to a disabled individual at (a), (2), (3) and (b), (1), (2) and (c), (3) and (d) and the direct violation is found in _Texas Code of Criminal Procedure Art. 2.03_ - Neglect of duty, for not affording the protection in _Texas Code of Criminal Procedures_ in _Art. 16.22_, provided by the _Due Process Clause_ in State and Federal Constitutions.

Please have this document produced for record, it is the missing component that led to my injuries and what waives immunity by Harris County. see, _Robinson v. Central Texas M.H.M.R. Center_ 780 SW.2d. 169 (Tex 1989), also; _Lone v. State_ 540 S.W.2d at 300, also see; _Kerrville State Hosp. v. Clark_ 923 SW.2d. 582, 585 (Tex. 1996).

## PRAYER

Appellant prays for any and all adequate Relief, and to be held to less stringent Standards than an Attorney in accordance to "_Haines v. Kerner_" Standard.

## SERVICE

I swear for fear of perjury all above is true and correct and that on 08-06-15 a true and correct original and copies were sent to all parties.

_Loyd Conchy Sorrow_
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas 97583

4.